# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Bernard Dale Beard,**
**Respondent Below, Petitioner**

**FILED**

**May 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 11-1668** (Berkeley County 11-DV-239)

**Christine Michelle Keller,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dale Beard filed this appeal, by counsel Joanna L-S Robinson. This appeal arises from the Circuit Court of Berkeley County, which denied petitioner's appeal from family court. The circuit court's order denying this appeal was entered on November 4, 2011. Respondent Christine Michele Keller, *pro se*, did not file a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2011, upon respondent's petition for a domestic violence protective order ("DVPO"), the family court issued a six-month DVPO against petitioner. This DVPO was based on findings that petitioner had placed respondent in reasonable apprehension of physical harm through harassment, psychological abuse, and threatening acts. In August of 2011, respondent filed a petition to modify this protective order, requesting that the family court extend it for a period longer than one year pursuant to West Virginia Code § 48-27-505(c). Respondent alleged that petitioner engaged in continuous threats, harassment, and intimidation, which caused respondent constant fear for her safety. After a contested hearing on this petition, the family court issued a modified protective order and extended the DVPO's effect until October of 2014. Petitioner's appeal of this decision was denied by the circuit court. Petitioner now appeals the circuit court's denial of his family court appeal.

Petitioner argues that the circuit court erred in denying his appeal because the family court erred and abused its discretion in ordering a three-year protective order without first having entered a one-year protective order pursuant to West Virginia Code § 48-27-505(b). He argues that the family court exceeded its jurisdiction to do so because West Virginia Code § 48-27-505(c) directs that a family court "may extend a protective order entered pursuant to subsection (b) of this section . . . ." Petitioner asserts that, because a one-year extension pursuant to

1

subsection (b) was not entered previously, the order extending the original DVPO for three years should be reversed. Respondent did not submit a response.[1]

We apply the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Upon our review, we find nothing to warrant reversing the circuit court's order denying petitioner's appeal from family court. The record submitted on appeal supports the findings and conclusions made by the family court and we find no error with the family court's decision to extend respondent's DVPO against petitioner until October of 2014. Pursuant to subsection (f) of West Virginia Code § 48-27-505, the family court may modify the terms of a protective order upon either party's motion to do so.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[1] Rule 10(d) of the Rules of Appellate Procedure provides that if a respondent's brief fails to respond to an assignment of error, this Court will assume that the respondent agrees with the petitioner's view of the issue. Respondent has failed to file any responsive brief with this Court. However, as set forth herein, petitioner's brief and our review of the record have failed to convince us that reversal is appropriate. Accordingly, we decline to rule in petitioner's favor simply because respondent failed to file a brief. *Cf.* Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991) (recognizing that the Court is not obligated to accept the State's confession of error in a criminal case; instead, the Court will conduct a proper analysis).